The offense is unlawfully practicing medicine; the punishment, a fine of $50 and confinement in jail for 10 days.

Notice of appeal appears not to have been carried into the minutes of the court. Article 827, C.C.P., provides: "An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

There appears in the record a docket entry of notice of appeal which was not carried into the minutes of the court. In Casey v. State, 116 Tex.Cr.R. 111, 32 S. W.2d 461, this court said: "The record contains no such notice of appeal as will clothe this court with jurisdiction under article 827, C.C.P., which requires the notice 'to be entered of record.' The transcript shows a 'docket entry' of a notice of appeal, but, if this was ever carried into the court minutes, it is not so shown."

In support of the holding Haynie v. State, 92 Tex.Cr.R. 45, 241 S.W. 478, is cited. Under the circumstances, we must hold that we are without jurisdiction.

It is observed that the recognizance entered into by the appellant appears to have been filed, but not carried into the minutes of the court. It was essential that such an entry be made in the minutes in order to confer jurisdiction upon this court.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## MONROE v. STATE.
### No. 20524.

Court of Criminal Appeals of Texas.

Nov. 1, 1939.

B. F. Patterson, of San Antonio, and Frank W. Steinle, of Jourdanton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary, and his punishment assessed at three years confinement in the penitentiary.

This cause comes before us without any statement of facts or bills of exception. The indictment appears to be proper, and all proceedings herein seem to be regular, and we have no other alternative than to affirm the judgment, which is accordingly done.